## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.B., E.B., and N.B-1.**

**No. 18-0260** (Raleigh County 16-JA-164, 16-JA-165, and 16-JA-166)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father N.B.-2, by counsel Christopher D. Lefler, appeals the Circuit Court of Raleigh County's February 21, 2018, order terminating his parental rights to A.B., E.B., and N.B.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Timothy P. Lupardus, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future, finding that termination of his parental rights was in the children's best interests, and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 15, 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that his substance abuse caused him to be unable to provide proper care for the children. Petitioner waived his preliminary hearing. On November 21, 2016, petitioner was incarcerated for probation violations based upon positive drug screens. On December 12, 2016, petitioner stipulated to the allegations of abuse and neglect of the children. Although petitioner remained incarcerated, he was granted a post-adjudicatory improvement period. On March 10, 2017, the circuit court held a review hearing. Petitioner was still incarcerated, but his expected release date was in June of 2017. The circuit court rescheduled a review hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, they will be referred to as N.B.-1 and N.B.-2, respectively, throughout this memorandum decision.

On June 9, 2017, the circuit court held a second review hearing. Despite his release from incarceration, petitioner did not appear for the hearing, but was represented by counsel. The DHHR moved for petitioner's post-adjudicatory improvement period to be terminated and the case to be set for disposition, which the circuit court granted. According to the DHHR, in July of 2017, petitioner entered into a detoxification facility. However, he was unable to enter into a long-term rehabilitation facility because of his recent methamphetamine use.

On July 14, 2017, the circuit court held a dispositional hearing. At this time, the circuit court granted petitioner's motion to continue the dispositional hearing to allow him to attend an inpatient rehabilitation program. However, at the September 8, 2017, dispositional hearing, the circuit court was informed that petitioner had violated his parole and was again incarcerated. On November 17, 2017, the circuit court held a dispositional hearing. While the DHHR moved to terminate petitioner's parental rights, petitioner moved for additional time to complete inpatient treatment. The circuit court held the DHHR's motion in abeyance and rescheduled the dispositional hearing.

In December of 2017, petitioner entered into an inpatient treatment program, but failed to complete the program, leaving in January of 2018. Petitioner was arrested shortly thereafter for violating terms of his release from incarceration. On February 16, 2018, the circuit court held a final dispositional hearing. At this time, petitioner was sentenced to serve 120 days of incarceration. Again, petitioner moved for additional time to complete an inpatient treatment program. However, the circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests. The circuit court denied his motion for additional time to complete a treatment program and terminated his parental rights in its February 21, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]According to respondents, permanency has been achieved as the children are in the full custody of their nonabusing mother.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future. We disagree. West Virginia Code § 49-4-604(c)(1) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when the parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning."

Petitioner admits that his substance abuse issues are "significant and debilitating." While he argues that addicts frequently relapse before successfully completing treatment, petitioner had ample time and multiple opportunities during the proceedings, even after his improvement period was terminated, to obtain substance abuse treatment. Petitioner was unsuccessful in completing treatment during the proceedings, and at the time of the dispositional hearing he was incarcerated for 120 days as a result of his continued substance abuse issues. Accordingly, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. We have held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. Here, two of the children at issue in this appeal are one year old, and one of the children is four years old. Although they have achieved permanency with their mother, it is important for their early development to remain in a stable home environment. Petitioner argues that allowing him to continue to seek treatment would "save the parental relationship between him and his children." However, due to petitioner's failure to remain free from substances, resulting in multiple arrests and incarceration, it is clearly not in the children's best interests to foster a relationship with him. Based on this evidence, it is clear that termination of petitioner's parental rights was in the children's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

Further, while petitioner argues that the circuit court erred in terminating his parental rights without considering a less-restrictive dispositional alternative, we have held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 21, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating